NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ARRIAGA-GUTIERREZ, | No. 18-72210 |
| Petitioner, | Agency No. A079-792-048 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 29, 2026**
San Francisco, California

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

Maria Arriaga-Gutierrez, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal

from an immigration judge's ("IJ") denial of her applications for withholding of

removal and protection under the Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the denial of a claim for withholding of removal and CAT protection for substantial evidence, under which standard "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  The government argues that Petitioner forfeited review of the BIA's denial of her withholding of removal claim by failing to address the BIA's dispositive determinations regarding her proffered particular social group ("PSG") and nexus.  However, Petitioner's opening brief sufficiently engages with and challenges those determinations.  Accordingly, Petitioner did not forfeit review of the BIA's denial of her claim.

Still, the record does not compel a finding of a nexus between the harm suffered by Petitioner and her proffered PSG of "Mexican women in domestic relationships who are unable to leave."  While the BIA acknowledged the harm suffered by Petitioner, it also observed that, based on her own testimony, the harm appeared to have been motivated by personal animus, not on account of membership in her proffered PSG.

While a "retributory motive" can "exist[] alongside a protected motive," *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013), personal animus or

retribution, without more, is not a sufficient basis for claiming withholding of removal, *see Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). Because substantial evidence supports the conclusion that Petitioner failed to establish a nexus between the harm suffered and her membership in the proffered PSG, her withholding of removal claim fails.[1]

2. Regarding the CAT claim, the government similarly argues that Petitioner forfeited review of the BIA's denial of relief because she failed to challenge the BIA's determinations that her fear of persecution was speculative and that she failed to show that she could not internally relocate within Mexico. But Petitioner's opening brief does mention and challenge both of these findings. Accordingly, Petitioner did not forfeit review of her CAT claim.

The BIA's denial of relief under CAT is supported by substantial evidence. Among other reasons, as the BIA noted, the record does not contain any "objective evidence that [Petitioner's] ex-partner's reach extends to other areas of Mexico, such that would make it unreasonable for her to relocate to avoid him." The record reflects that Petitioner could relocate to parts of the country other than where much of the abuse occurred. Because substantial evidence supports the finding that Petitioner could reasonably relocate within Mexico, her CAT claim fails. *See*

---

[1] Because Petitioner's withholding of removal claim fails for lack of a nexus, we need not reach the question whether her proffered PSG is cognizable.

*Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The unopposed motion for a stay of removal is otherwise denied. Dkt. 1. Judge Collins would deny the motion for stay of removal, effective forthwith.

18-72210